# EXHIBIT A

Commonwealth of Virginia    VA. CODE § 16.1-79; 16.1-122.3

Fairfax County ........................................ General District Court
                                              CITY OR COUNTY

4110 Chain Bridge Road    Fairfax VA 22030
                         STREET ADDRESS OF COURT

TO ANY AUTHORIZED OFFICER: You are hereby commanded to summon the Defendant(s).
TO THE DEFENDANT(S): You are summoned to appear before this Court at the above address on

........................................................ to answer the Plaintiff(s)' civil claim (see below)
        RETURN DATE AND TIME

...................................................
      DATE ISSUED          [ ] CLERK   [ ] DEPUTY CLERK   [ ] MAGISTRATE

CLAIM: Plaintiff(s) claim that Defendant(s) owe Plaintiff(s) a debt in the sum of

$ 1,500⁰⁰ net of any credits, with interest at ............% from ................. until paid.
                                              INTEREST RATE    DATE FROM WHICH IS DUE

$ 100 ............ costs with the basis of this claim being
      COSTS

[ ] Open Account  [ ] Contract  [ ] Note  [✗] Other (EXPLAIN)

Discrimination Under Virginia Human Rights Law

HOMESTEAD EXEMPTION WAIVED? [ ] YES   [ ] NO   [ ] cannot be demanded

10/9/23
DATE                         (signature)    [ ] PLAINTIFF   [ ] PLAINTIFF'S EMPLOYEE

CASE DISPOSITION

JUDGMENT that the Plaintiff(s) recover against [ ] named Defendant(s) [ ] ......................

................. net of any credits, with interest at ............% from ................. until paid.
                                              INTEREST RATE    DATE FROM WHICH IS DUE

................. costs
      COSTS

HOMESTEAD EXEMPTION WAIVED? [ ] YES  [ ] NO  [ ] CANNOT BE DEMANDED

JUDGMENT FOR [ ] NAMED DEFENDANT(S) [ ] ......................

NON-SUIT  [ ] DISMISSED ......................

Defendant(s) Present?  [ ] YES ......................
                       [ ] NO

Indemnifying bond of $ ............... [ ] secured [ ] unsecured required for lost instrument
                                                        (Va. Code § 8.01-32)

(handwritten: Filed x4 Fairfax County 10/19/23)

...................................................
      DATE                              JUDGE

DC-402 FRONT 10/07

---

PLAINTIFF(S) (LAST NAME, FIRST NAME, MIDDLE INITIAL)

Jay Bradsky
7911 Westpark Drive #1429
McLean VA 22102

v.

DEFENDANT(S) (LAST NAME, FIRST NAME, MIDDLE INITIAL)

Pepperidge Farm Inc
595 Westport Ave
Norwalk CT 06851

## WARRANT IN DEBT—
## SMALL CLAIMS DIVISION

* * *

TO DEFENDANT: You are not required to appear; however, if you fail to appear, judgment may be entered against you. By law, this case must be tried on the return date above unless all parties agree upon a different date for trial. Other continuances shall be granted by the court only for good cause shown.

* * *

Grounds of Defense ..................
                        ORDERED          DUE

**DISABILITY ACCOMMODATIONS** for loss of hearing, vision, mobility, etc., contact the court ahead of time.

---

NEXT HEARING
DATE AND TIME

January 19 2024 9:30 AM

...................................................

JUDGMENT PAID OR SATISFIED PURSUANT TO ATTACHED NOTICE OF SATISFACTION

...................................................
      DATE

...................................................
      CLERK

**Transfer to Another Locality:** If the Defendant believes that Plaintiff(s) should have filed this suit in a different city or county, you may file a written request to have the case moved for trial to the general district court of that city or county. To do so, you must do the following:

1. Prepare a written request which contains (a) this court's name, (b) the case number and the "return date" as shown on the other side of this form in the top right corner, (c) Plaintiff(s)' name(s) and Defendant(s)' name(s), (d) "I move to object to venue of this case in this court because" and state the reasons for your objection and also state in which city or county the case should be tried, and (e) your signature and mailing address.

2. File the written request in the clerk's office before the trial date (use the mail at your own risk) or give it to the judge when your case is called on the return date. Also send or deliver a copy to plaintiff.

3. If mailed to court, you will be notified of the judge's decision.

| | |
|---|---|
| NAME ................................................................ | NAME ................................................................ |
| ADDRESS ........................................................... | ADDRESS ........................................................... |
| [ ] PERSONAL SERVICE   Tel. No. ................ | [ ] PERSONAL SERVICE   Tel. No. ................ |
| [ ] Being unable to make personal service, a copy was delivered in the following manner: | [ ] Being unable to make personal service, a copy was delivered in the following manner: |
| [ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relations of recipient to party named above. | [ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relations of recipient to party named above. |
| [ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.) | [ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.) |
| [ ] Served on Secretary of the Commonwealth | [ ] Served on Secretary of the Commonwealth |
| [ ] Served on Clerk of the State Corporation Commission. | [ ] Served on Clerk of the State Corporation Commission. |
| [ ] NOT FOUND          SERVING OFFICER | [ ] NOT FOUND          SERVING OFFICER |
| .................... for _____   DATE | .................... for _____   DATE |

## REMOVAL TO GENERAL DISTRICT COURT

I, the undersigned defendant, am exercising my right to remove this case to the general district court of this jurisdiction by signing and giving this notice to this court before the case is decided.

.......................................................   _____
DATE                                    [ ] DEFENDANT   [ ] ATTORNEY FOR DEFENDANT

[ ] oral    [ ] written notice of removal has been received this day in this small claims division.

.......................................................   _____
DATE                                         [ ] CLERK   [ ] JUDGE

I certify that I mailed a copy of this document to the defendants named therein at the address shown therein on

.......................................   _____
DATE                                    [ ] PLAINTIFF
                                        [ ] PLAINTIFF'S EMPLOYEE

FORM DC-402 REVERSE 07/01

Jay Brodsky - Advocate and Activist for Disability Rights

7911 Westpark Drive, #1429

Mclean, VA 22102

Telephone: (973) 568-1666

E-mail: legallyblind419@gmail.com

Case No.

# COMMONWEALTH OF VIRGINIA
## GENERAL DISTRICT COURT
### SMALL CLAIMS PART

THE MATTER OF:                                    Issues before the Court,

JAY BRODSKY                                       Chapter 39. Virginia Human
PLAINTIFF                                         Rights Act » § 2.2-3904.

*-against-*

CAMPBELL SOUP COMPANY d/b/a
PEPPERIDGEFARMINC.
DEFENDANT(s)

# COMPLAINT

## I.      INTRODUCTION

1.   JAY BRODSKY, (Plaintiff),' on behalf of himself as self represented

asserts the following claims against, CAMPBELL SOUP COMPANY d/b/a

PEPPERIDGE FARM INC. (Defendant) (hereinafter, PEPPERIDGE

FARM) is as follows:

2.   Plaintiff brings this complaint against PEPPERIDGE FARM for its failure to

design, construct, maintain, and market its goods and products to be fully

and equally accessible too, and independently usable by Plaintiff who ia a

blind and visually impaired individual.  Defendants denial of full and equal

access to its goods and products which are sold and marketed through public

accommodations such as Supermarket, Pharmacies, Bodegas, Deli's, online

and other similarly situated retail outlets such as Amazon Fresh is a violation

of Plaintiffs rights under Chapter 39. Virginia Human Rights Act » §

2.2-3904.

4.   Because Defendants, "PEPPERIDGE FARM WHOLE GRAIN BREAD"

and other goods and products it markets and sells, bears imperceptible

information labels which in consonance to State and Federal law are

exclusively accessible to non-disabled persons.  Blind and visually impaired

persons such as Plaintiff cannot fully and equally access Defendants

important SELL BY DATE information so as to be equal to non-disabled

persons. Plaintiff seeks injunctive and monetary relief to cause a change to

Defendants dissemination of important consumer information and warnings.

## II.         JURISDICTION AND VENUE

5.   The General District Court of the Commonwealth of Virginia has subject

matter jurisdiction over this action under Chapter 39. Virginia Human Rights

Act » § 2.2-3904..

6.   The venue is proper under Chapter 39. Virginia Human Rights Act » §

2.2-3904. because Defendant conducts a significant amount of business in

the Commonwealth of Virginia and a substantial portion of the conduct

complained of hereinbelow occurred in the Commonwealth of Virginia

where its products are sold and marketed to retail outlets such as Giant,

Safewat and Wegmans to name a few.

## III.         THE PARTIES

7.   Plaintiff is a permanent resident of McLean Virginia.

8.   Defendant is at all relevant times a Domestic and multi-national Corporation

doing business in the Commonwealth of Virginia.

9.      Defendants PEPPERIDGE FARM WHOLE GRAIN BREAD" and

other goods and products are sold and marketed through various retail

outlets and online which are public accommodations within the definition of

Chapter 39. Virginia Human Rights Act » § 2.2-3904.

### IV.              NATURE OF ACTION

10.    Plaintiff has a right to access Defendants important consumer safety

        information on its products and has a right to determine information

        regarding food safety equal to non-disabled persons.

### V.               STATEMENT OF FACTS

11.    Defendants PEPPERIDGE FARM WHOLE GRAIN BREAD" and

        other similar  products are being sold and marketed through various retail

        outlets and online which are places of public accommodations under,

        Chapter 39. Virginia Human Rights Act » § 2.2-3904.. Defendant sells and

        markets a wide array of products to the public which includes PEPPERIDGE

        FARM WHOLE GRAIN BREAD" that bears information such as SELL BY

        DATES that is essential for consumer safety.

12.   Plaintiff is a [1]legally blind and visually impaired person who requires the
use of contrasting and discernible print on goods and products which are
applied affixed to its products in the Commonwealth of Virginia.

13.   While attempting to access Defendants SELL BY DATE and SAFETY
information, Plaintiff encountered more than one accessibility barrier which
includes:

a. Lack of contrasting print so as to be fully and equally visualized or
accessed by low vision individuals.

b. Lack of large enough print on its important consumer labelsing so as to
be equally accessible or visible to low vision individuals who are members
of a protected class;

**DEFENDANT MUST REMOVE BARRIERS FROM ITS PRODUCTS**

14.   Due to the inaccessibility of Defendants important consumer information on
its goods and products, Plaintiff is subjected to negligent and intentional
discrimination.

---

[1] Plaintiff has been awarded Social Security Disability benefits in 2016

15.   Through Plaintiffs attempts to access Defendants important consumer

information on its products, Plaintiff has actual first hand knowledge of the

access barriers regarding SAFETY AND FRESHNESS of its products.

16.   Because compliance with the ADA and Chapter 39. Virginia Human Rights

Act » § 2.2-3904. would provide Plaintiff with full and equal access to

Defendants important information, Plaintiff alleges that Defendant

engages in acts of negligent and intentional discrimination, including but not

limited to the following policies or practices:

a. Constructing and maintaining important SELL BY DATE information on

its goods and products which are not fully and equally accessible to Plaintiff

who is a member of a protected class;

b. Failure to construct and maintain important consumer labels which are

accessible to and usable by low vision persons so as to be sufficiently

intuitive and fully and equally usable by Plaintiff;

and,

c. Failing to take actions to remediate the access barriers identified

hereinabove in the face of substantial harm and discrimination to Plaintiff

who is a member of a protected class.

17.     Chapter 39. Virginia Human Rights Act » § 2.2-3904. contemplates the

monetary relief Plaintiff seeks in this action. Chapter 39. Virginia Human

Rights Act » § 2.2-3904. requires in the case of violations of this title, relief



shall include full and equal access to its goods and products and to make

them readily accessible too and usable by Plaintiff so as to be equal to non-

disabled individuals.

18.      Because Defendants important consumer information has never been fully

and equally accessible to Plaintiff and because it is presently inaccessible

and unusable, Plaintiff invokes his rights under Chapter 39. Virginia Human

Rights Act » § 2.2-3904. and the ADA and seeks relief that will compel

Defendant to comport with the ADA and Chapter 39. Virginia Human Rights

Act » § 2.2-3904.. Plaintiff seeks that this relief requires Defendant to:

a. Train its employees who develop its consumer labeling to redesign it to be fully and equally accessible to all persons disabled and non-disabled alike;

b. Regularly check the accessibility of its important consumer labeling to assure that it comports with the ADA and Chapter 39. Virginia Human Rights Act » § 2.2-3904.;

19.    Defendant generates significant revenues from selling and marketing its goods and products to the public. The amounts generated are far greater than the cost of remediating its important consumer labels so as to be fully and equally accessible to Plaintiff and similarly situated low vision individuals.

20.    Without relief, Plaintiff will continue to be unable to independently access its consumer labels which violates his Civil Rights.

## VI.    FIRST CAUSE OF ACTION
## VIOLATIONS of Chapter 39. Virginia Human Rights Act » § 2.2-3904.

21.    Plaintiff repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

22.    Chapter 39. Virginia Human Rights Act » § 2.2-3904. provides that unlawful discriminatory practice exists for any person, owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public

accommodation or manufacturer of products which are sold or marketed

through public accommodations, because of the disability of any person,

directly or indirectly, to refuse, withhold from or deny the accommodations,

advantages, facilities or privileges thereof.

23.    Defendant is a person within the meaning of Chapter 39. Virginia Human

Rights Act » § 2.2-3904..

24.    Defendant violates the ADA and Chapter 39. Virginia Human Rights Act » §

2.2-3904. because it refuses to remove access barriers from its consumer

labels. As a result its consumer labels which are affixed to its products,

are inaccessible to Plaintiff and all individuals who are similarly situated.

25.    Under Chapter 39. Virginia Human Rights Act » § 2.2-3904. unlawful

discrimination includes a refusal to make reasonable modifications in

policies, practices, or procedures, when they are necessary to allow its goods

and products to be fully and equally accessible to persons with disabilities

unless it would result in an undue burden.

26.    Defendant engages in negligent and intentional discrimination against

Plaintiff who is a member of a protected class in violation of Chapter 39.

Virginia Human Rights Act » § 2.2-3904. in that Defendant has:

a. constructs and maintains consumer labels which are not fully and

equally accessible to Plaintiff with knowledge of the discrimination;

and,

b. constructs and maintains consumer labels which are not sufficiently

intuitive and obvious that they are inaccessible to low vision individuals;

and,

c. failed to take all steps as may be necessary to correct the access barriers

in the face of substantial harm and discrimination to Plaintiff and similarly

situated low vision individuals.

27.     Defendant is in violation of Chapter 39. Virginia Human Rights Act » §

2.2-3904. and as such, Plaintiff invokes his right to monetary and injunctive

relief to remedy the discrimination

## VII.                           PRAYER FOR RELIEF

**W**HEREFORE, Plaintiff respectfully requests the Court to

grant the following relief:

a. Compensatory damages in the amount of $4,500 for overt

discrimination which includes all applicable statutory, punitive damages and

fines for violations of Plaintiffs civil rights under Chapter 39. Virginia

Human Rights Act » § 2.2-3904. and the laws of the Commonwealth of

Virginia to cause a change in Defendants defective consumer labels;

d. Such other and further relief as Court deems just and proper.

Signed this19th day of October, 2023 at McLean, Virginia;

Jay Brodsky, Plaintiff

# Docket No.
# BRODSKY V. PEPPERIDGE FARM INC

# EXHIBIT #1

Jay Brodsky - Advocate and Activist for Disability Rights

7911 Westpark Drive, #1429

Mclean, VA 22102

Telephone: (973) 568-1666

E-mail: legallyblind419@gmail.com

Case No.

**COMMONWEALTH OF VIRGINIA**

**GENERAL DISTRICT COURT**

**SMALL CLAIMS PART**

THE MATTER OF:                                    Issues before the Court,

JAY BRODSKY                                       Chapter 39. Virginia Human
PLAINTIFF                                         Rights Act » § 2.2-3904.

-*against*-

CAMPBELL SOUP COMPANY d/b/a
PEPPERIDGEFARMINC.
DEFENDANT(s)

# ADMONITION

Prior Notice

**stamps endicia**     **Shipping Label Receipt**

Delivery Confirmation™ Service Number:

**0004 0206 2035 0955 1005 06851**

First-Class Mail with *
Electronic Service Fee: $0.000
Total Postage and Fees: $1.83
Weight: 3 oz
Print Date: 10/07/2023          Mailing Date: 10/07/2023

From:     Jay Brodsky
          7911 Westpark Dr Apt 1429
          McLean VA 22102-4290

To:       Pepperidge Farm Inc.          USPS
          Attention Legal Department     Postmark
          595 Westport Ave               Here
          Norwalk CT 06851-4413

*Regular First-Class Mail Service postage rates apply.  service electronic fee is required.
Postmark required if fee refund requested.  Delivery information is not available by phone for
the electronic option.

## Instructions:

1.   Adhere shipping label to package with tape or glue - DO NOT TAPE
     OVER BARCODE. Be sure all edges are secured. Self-adhesive
     label is recommended.

2.   Place the label so it does not wrap around the edge of the package.

3.   This package may be deposited in any collection box, handed to
     your mail carrier, or presented to a clerk at your local Post Office.

4.   Each confirmation number is unique and can be used only once -
     DO NOT PHOTOCOPY.

5.   You must mail this package on the "mail date" that is specified
     on this label.

# Docket No.
# BRODSKY V. PEPPERIDGE FARM INC

# EXHIBIT #2

 **SOCIAL SECURITY ADMINISTRATION** 

Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
730 Federal Plaza
Central Islip, NY 11722-4466

Date: July 25, 2016



Jay Barry Brodsky
1585 Round Swamp Rd
Room 137
Plainview, NY 11803

## Notice of Decision — Fully Favorable

I carefully reviewed the facts of your case and made the enclosed fully favorable decision. Please read this notice and my decision.

Another office will process my decision and decide if you meet the non-disability requirements for Supplemental Security Income payments. That office may ask you for more information. If you do not hear anything within 60 days of the date of this notice, please contact your local office. The contact information for your local office is at the end of this notice.

### If You Disagree With My Decision

If you disagree with my decision, you may file an appeal with the Appeals Council.

### How To File An Appeal

To file an appeal you or your representative must ask in writing that the Appeals Council review my decision. You may use our Request for Review form (HA-520) or write a letter. The form is available at www.socialsecurity.gov. Please put the Social Security number shown above on any appeal you file. If you need help, you may file in person at any Social Security or hearing office.

Please send your request to:

Appeals Council
Office of Disability Adjudication and Review
5107 Leesburg Pike
Falls Church, VA 22041-3255

Form HA-L76 (03-2010)

BOP

**BILL OF PARTICULARS**
Commonwealth of Virginia    Rule 7B:2

Case No. ...... GV24001469 ∽

........................................ 4/9/24 @ 9:30 2B
TRIAL DATE AND TIME

.................................................................................... General District Court
CITY OR COUNTY

............. *Brodsky* ................ v. ............ *Pepperidge Farm* .........
PLAINTIFF                     STREET ADDRESS OF COURT                      DEFENDANT

**TO THE PLAINTIFF:**
You are required to file with the court, and serve by mailing, a written BILL OF PARTICULARS by ...... 2/1/24 ......
DATE

The defendant's written GROUNDS OF DEFENSE is due to be filed with the court and served by mailing by ...... 3/1/24 ......
DATE

You are further required to fully state, in the numbered paragraphs below, each of the reasons/grounds why you think the defendant owes you the money or property claimed. You may attach additional paper if needed.

1.

        B.ll of Particulars
                    Apr 1 9
2.



3.



4.

                                                    2024 JAN 26  A 9: 08
                                                    FILED

5.

[ ] See continuation sheet.

**NOTICES:** Failure to comply with this order may be grounds for awarding summary judgment in favor of the adverse party. Both parties must be prepared, at trial, to prove their case with admissible evidence. Upon trial, the judge may exclude evidence as to matters not described in this pleading.

.........................................          .......................................          .....................................
DATE                                              [ ] PLAINTIFF              [ ] PLAINTIFF'S ATTORNEY

.................................................................................................................................
PRINT NAME

.................................................................................................................................
ADDRESS /TELEPHONE NUMBER OF SIGNATOR

**PLAINTIFF'S CERTIFICATE**
        I certify that I delivered or mailed a completed copy of this BILL OF PARTICULARS to the clerk of this court and mailed to each attorney for the defendant, or to the defendant if not represented,
this ............................ day of............................................ , 20............... .

                                                    .................................................................
                                                    SIGNATURE OF [ ] PLAINTIFF [ ] PLAINTIFF'S ATTORNEY

FORM DC-441 MASTER 05/09

**BILL OF PARTICULARS**

Commonwealth of Virginia    Rule 7B:2

Case No. ................................ GV23020027-00

................................................................................................

TRIAL DATE AND TIME

FAIRFAX COUNTY ................................................................ General District Court

................................................................................................

CITY OR COUNTY

4110 Chain Bridge Road, Fairfax, Virginia 22030

................................................................................................

STREET ADDRESS OF COURT

JAY BRODSKY ................................ v. ................................ PEPPERIDGE FARM, INC.

................................................................................................

PLAINTIFF                                            DEFENDANT

## TO THE PLAINTIFF:

You are required to file with the court, and serve by mailing, a written BILL OF PARTICULARS by ................................ 2/1/2024

DATE

The defendant's written GROUNDS OF DEFENSE is due to be filed with the court and served by mailing by ................................ 3/1/2024

DATE

You are further required to fully state, in the numbered paragraphs below, each of the reasons/grounds why you think the defendant owes you the money or property claimed. You may attach additional paper if needed.

1. Pepperidge Farm Inc. sells and markets its products to the public in a variety of public accommodations. Under Code of Virginia Title 2.2 § 2.2-3908, An aggrieved person who has been provided a notice of his right to file a civil action pursuant to § 2.2-3907 may commence a timely civil action in an appropriate general district or circuit court having jurisdiction over the person who allegedly unlawfully discriminated against such person.

2. If the court or jury finds that unlawful discrimination has occurred, the court may award, compensatory and punitive damages, reasonable attorney fees and costs including an order enjoining the defendant from engaging in such practice, or order such affirmative action as may be appropriate.

3. Plaintiff on numerous occasions purchased Pepperidge Farm whole wheat bread only to discover that the use by date had already expired. The Cleveland clinic wrote August 8, 2021, "However, in certain cases, the mold found on spoiled food could be dangerous, so if you suddenly develop symptoms such as shortness of breath, nausea, an elevated temperature or diarrhea."

4. While attempting to access Defendants SELL BY DATE and SAFETY information, Plaintiff encountered more than one accessibility barrier which included a font that was to small for low vision individuals to read. Discernible print on important consumer labels must be equally accessible or visible to low vision individuals who are members of a protected class under the ADA and Chapter 39. Virginia Human Rights Act » § 2.2-3904

5. Because Defendants important consumer information has never been fully and equally accessible to Plaintiff and because it is presently inaccessible and unusable, Plaintiff invokes his rights under Chapter 39. Virginia Human Rights Act » § 2.2-3904. and the ADA.

[x] See continuation sheet.

**NOTICES:** Failure to comply with this order may be grounds for awarding summary judgment in favor of the adverse party. Both parties must be prepared, at trial, to prove their case with admissible evidence. Upon trial, the judge may exclude evidence as to matters not described in this pleading.

January 16, 2024

................................................................

DATE                                  [x] PLAINTIFF        [ ] PLAINTIFF'S ATTORNEY

Jay Brodsky

PRINT NAME

7911 Westpark Drive, #1429, McLean, VA 22102

................................................................................................

ADDRESS /TELEPHONE NUMBER OF SIGNATOR

## PLAINTIFF'S CERTIFICATE

I certify that I delivered or mailed a completed copy of this BILL OF PARTICULARS to the clerk of this court and mailed to each attorney for the defendant, or to the defendant if not represented,

this ................................ day of ................................................................ , 20................................ .

................................................................................................

SIGNATURE OF [ ] PLAINTIFF [ ] PLAINTIFF'S ATTORNEY

## ADDENDUM

Case No. GV23020027-00

Plaintiff - Jay Brodsky

Defendant - Pepperidge Farm, Inc.

6.   Because Defendants important consumer information has never been fully and equally accessible to Plaintiff and because it is presently inaccessible and unusable to low vision, visually impaired and blind individuals, Plaintiff invokes his rights under Chapter 39. Virginia Human Rights Act » § 2.2-3904. and the ADA. PGA Tour, Inc. v. Martin, 532 U.S. 661, 674, 121 S.Ct. 1879, 149 L.Ed.2d 904 (2001), and to "provide clear, strong, consistent, enforceable standards" addressing that discrimination. 42 U.S.C. § 12101(b)(2). Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the **goods, services**, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a).

7.   Defendant generates significant revenues from selling and marketing its goods and products to the public. The amounts generated are far greater than the cost of remediating its important consumer labels so as to be fully and equally accessible to Plaintiff and similarly situated low vision individuals.

8.   To prevail under Title III of the ADA, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant owns, leases, or operates a place of public accommodation; and (3) the

defendant discriminated against him because of his disability. See Ariz. ex rel. Goddard v. Harkins Amusement Enters., Inc., 603 F.3d 666, 670 (9th Cir. 2010); Camarillo v. Carrols Corp., 518 F.3d 153, 156 (2d Cir. 2008); see also Nat'l Fed'n of the Blind v. Lamone, 813 F.3d 494, 502–03 (4th Cir. 2016) (laying out similar standards under Title II of the ADA).

9.  An impairment means any disorder or condition that affects "one or more body systems," such as sight, neurological, digestive, or immune systems. 28 C.F.R. § 36.105(b)(1)(i). Not every impairment constitutes a disability within the meaning of this section, but meets the definition if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population. Seeing is a major life activity. "We must "permit those who are disabled to enjoy the protections of the ADA." Fraser v. Goodale, 342 F.3d 1032, 1041 (9th Cir. 2003).

10. Adults who have experienced disability discrimination report significantly higher rates of depression, poor mental functioning, and overall worse health and quality of life than those who have no disability.

11. Defendant constructs and maintains consumer labels which are not sufficiently intuitive and obvious that they are inaccessible to low vision individuals.

12. Plaintiff has suffered mental anguish as a result of Defendants discrimination and has suffered monetary damages over and over again after purchasing outdated and spoiled bread due to his inability to have access to its important information labels.

13. This is an example of Defendants important consumer labels:



**UNDERSTANDING THE INFLUENCE OF STIGMA AND DISCRIMINATION FOR THE FUNCTIONAL LIMITATION SEVERITY – PSYCHOLOGICAL DISTRESS RELATIONSHIP**

14.    The principle that all people are equal in dignity and are entitled to the same

fundamental rights is reflected in almost all human rights agreements,

policies and law. Discrimination occurs when people are excluded from the

full and equal enjoyment of their rights due to nationality, place of residence,

sex, national or ethnic origin, color, religion, language, disability or some

other status. Discrimination irrespective of its consequences is a violation of

human rights and should be prevented in any reasonable society. The moral

imperative to address discrimination is further increased by a mounting body

of evidence suggesting that people exposed to discrimination suffer deleterious mental and negative impact on health for a number of reasons, including restricting access to social and material resources required for health, stress and negative emotions having harmful psychological and physiological effects. "[1]For many adults, dealing with discrimination results in a state of heightened vigilance and changes in behavior, which in itself can trigger stress responses that is, even the anticipation of discrimination is sufficient to cause people to become stressed,"

15.    "This isn't just about ordering the likes of pizza or surfing Amazon," says Chris Danielson, a representative with the [2]National Federation of the Blind (NFB). "People are doing everything online nowadays, so it's about blind people being able to access the likes of online banking, applying for employment and doing the necessary online tests, accessing cloud-based tools in the workplace and all the rest."



---

[1] Natalie McGill
The Nation's Health May/June 2016, 46 (4) E18

[2] The National Federation of the Blind (NFB) is an organization of blind people in the United States. It is the oldest and largest organization led by blind people in the United States. Its national headquarters are in Baltimore, Maryland.